UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOUIS VUITTON MALLETIER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| EISENHAUER ROAD | § | SA-11-CV-0124 HLH |
|   FLEA MARKET, INC., | § | |
| MILDRED G. CRAWFORD, | § | |
| BUEL Y. CRAWFORD, | § | |
| PATRICIA D. WALKER, and | § | |
| BRUCE L. GORE, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING MOTION TO ENTER PROTECTIVE ORDER (DOCKET 27)

The matter before the Court is defendants' motion to enter protective order (docket entry 27), plaintiff's response thereto (docket entry 29) and defendants' reply (docket entry 30). The motions have been referred to the undersigned for determination (docket entry 28).

All parties agree to entry of a protective order, however they disagree with respect to the specific language to be included in paragraph 11 of the order. Plaintiff argues that defendants have designated a large number of documents as "confidential" or "attorneys eyes only" which places a burden on plaintiff when submitting a motion or response referencing those documents to first obtain an order to seal. Plaintiff proposes a revision of the standard Form Protective Order [1] to include a process for submitting all motions to seal as "agreed" and additional steps if the Court denies an agreed motion to seal.[2]

---

[1] Appendix H, Local Rules for the Western District of Texas.

[2] Plaintiff proposes the following additional language to paragraph 11:

> All motions to seal under this paragraph will be labeled as agreed and shall be accompanied by a proposed agreed order granting such motion. However, if the

1

After review of the motion and responses, the Court will **GRANT** the motion to enter a protective order which follows the standard format for such orders in the Western District of Texas. The additional language proposed by plaintiff is unnecessary; in practice, parties routinely present motions to seal as agreed and such motions are typically granted. The parties can request that the order granting or denying a motion to seal include a directive to the Clerk to "file" the proposed motion or other document as of the date of ruling on the motion to seal, or as of the date the motion to seal was filed. Plaintiff has not shown good cause for entry of a protective order with the additional language included paragraph 11 which defendants oppose and which the Court determines to be unnecessary.

It appearing that both plaintiff and defendants agree that paragraph 11 should include an additional phrase not included in the Form Protective Order, the Court will approve that agreed upon revision and enter an order which contains the additional language.[3]

**SIGNED** on August 18, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

Court denies the agreed motion to seal of a party seeking to file something under seal, the filing party may thereafter refile, without any sealing sought, the filing initially sought to be filed under seal, with such filing being deemed timely and relating back to the time when it was initially sought to be filed under seal. In addition, if the Court denies the agreed motion to seal, the party whose allegedly protected information is involved may make any application to the Court to seek the subsequent sealing of any filing ultimately made under the preceding sentence.

[3] The agreed upon additional language for paragraph 11 is shown in italics below:

In the event a party wishes to use any "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court, *unless prior consent of the producing party, or an order of the Court permitting standard filing, is obtained in advance.*